**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| DAVID G. PUCCI | : |
| DEBTOR | : BANKRUPTCY NO. 16-12702 |
| JUDITH JEFFERIS AND CAROLYN JORDAN | : |
| PLAINTIFFS | : |
| V. | : |
| DAVID GREGORY PUCCI A/K/A DAVID G. PUCCI, INDIVIDUALLY AND F/D/B/A/ VALERIO PAINTING AND REMODELING F/D/B/A VALERIO PAINTING | : |
| DEFENDANTS | : ADV NO. 16-0334 |

**OPINION**

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court is Debtor's Motion to Dismiss Plaintiffs' Amended Complaint. The Plaintiffs filed a response to the motion. A hearing was held February 22, 2017, after which the court took the matter under advisement. For the reasons set forth in this opinion, the motion will be granted as to Counts II and III.[1]

---

[1] As this matter involves a request for a judgment of nondischargeability, it is within this Court's core jurisdiction. See 28 U.S.C. § 157(b)(2)(I).

*Complaint*

Plaintiffs seek a declaration of nondischargeability as to their claim against the Debtor. They assert three alternative bases: actual fraud on the Debtor's part (§ 523(a)(2)(A)); larceny (§ 523(a)(4)); and willful and malicious injury (§ 523(a)(6)).

*Motion*

Debtor maintains that each of the asserted counts is legally deficient. He argues that Count I alleges mere negligence, as opposed to fraudulent conduct, and lacks the specificity required for a fraud claim. He contends that the larceny claim fails because there is no allegation of felonious intent on the Debtor's part when the parties entered into their contract. Lastly, he says that as to Count III there is no allegation that the Debtor intended to injure the Plaintiffs. *See* Motion, 3-8.

*Hearing*

At the February hearing the Debtor conceded the legal viability of the Count I fraud claim, rendering that aspect of the Motion moot.

*Pleading Standard*

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2) (made applicable by B.R. 7008). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.' " *Id.* at 678, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

*Allegations*

The parties became acquainted in August 2012 when the Debtor offered to renovate and remodel the Plaintiffs' home. ¶ 7. The Debtor represented to the Plaintiffs that he had extensive experience in such work. ¶ 8. In September 2012 the parties contracted for the Debtor to perform services. ¶ 9. Their agreement set forth eight progress payments to be made, totaling roughly $265,000. *Id.* The first seven payments were due on dates certain and the final payment was due upon completion. *Id.*

In January 2013 the Debtor informed Plaintiffs that he needed an additional $35,000 to complete the project. ¶ 16. The Plaintiffs paid that additional sum. ¶ 17. The Debtor acknowledged receipt of that additional payment and considered the contract paid in full. *Id.*

The Plaintiffs allege that, despite having been paid, the Debtor failed to perform as required under the contract. ¶ 18. They allege that they were required to retain additional contractors at additional expense. ¶ 27. Plaintiffs say this involved the removal and replacement of defective work by the Debtor and the completion of unfinished work. ¶¶ 27, 28. On this basis the Plaintiffs demand judgment in their favor of no less than $300,000. ¶ 46.

*Larceny*

In Count II, the Plaintiffs argue that their claim should be declared nondischargeable because it is the result of larceny on the Debtor's part. Section 523(a)(4) excepts from discharge any debt arising from larceny. 11 U.S.C. § 523(a)(4).

3

Larceny is the "fraudulent and wrongful taking and carrying away of the property of another with the intent to convert such property to the taker's use without the consent of the owner." 4 *Collier on Bankruptcy* ¶ 523.10[2] (16th ed.); *In re Clayton*, 198 B.R. 878, 884 (Bankr.E.D.Pa.1996). For purposes of § 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a "felonious taking of another's personal property with intent to convert it or deprive the owner of same." *In re Sager*, 522 B.R. 83, 96 (Bankr. E.D. Pa. 2014), *aff'd in part, rev'd in part,* 2015 WL 1650654 (E.D.Pa., April 13, 2015) quoting *Collier, id.*

Plaintiffs' Count II fails because there is no allegation of an unlawful taking of the Plaintiffs' money. The Debtor was paid pursuant to an agreed schedule set forth in the parties' contract. In exchange for agreed upon payments the Debtor provided services, albeit in an allegedly defective and unworkmanlike manner. Even if the latter is proven, however, these allegations would not constitute larceny.[2] For that reason Count II fails to state a cognizable claim under § 523(a)(4).

*Willful and Malicious Injury*

Plaintiffs' also seek nondischargeability of their claim because it resulted from willful and malicious injury caused by the Debtor. *See* 11 U.S.C. § 523(a)(6). To state a claim pursuant to § 523(a)(6), a Complaint must include allegations that would establish the following elements: (1) wrongful conduct, (2) done intentionally, (3) with the knowledge or substantial certainty that its conduct would produce injury, and (4)

---

[2] Neither do they constitute theft by deception as is plead. ¶¶ 56-62. That offense connotes fraud and the Court has already ruled that Count I states a claim for non-dischargeable fraud under § 523(a)(2)A).

4

performed without just cause or excuse. *In re Vepuri*, 2009 WL 2921305, at *8 (Bankr.E.D.Pa., Mar. 25, 2009). In determining whether a creditor has met its burden under § 523(a)(6), courts recognize that the terms "willful" and "malicious" are separate elements and that each must be proven. *In re DiGiovanni*, 446 B.R. 709, 716 (Bankr.E.D.Pa.2011). With regard to willfulness, the Movant must identify facts that demonstrate the Debtor acted deliberately. *In re Hartman*, 254 B.R. 669, 675 (Bankr.E.D.Pa. 2000). With regard to malice, the Movant's burden is two-fold. The Movant must identify facts that demonstrate the Debtor knew with substantial certainty that his conduct would produce injury, and that it was done without just cause or excuse. *In re Brown*, 557 B.R. 363, 373 (Bankr.E.D.Pa. 2016) quoting T*he Sherwin Williams Co. v. Grasso (In re Grasso)*, 497 B.R. 434, 445 (Bankr.E.D.Pa.2013).

The first two elements of Plaintiffs' Count III are sufficiently plead. It would have been wrong for the Debtor to induce the Plaintiffs to hire him using false information. Further, the way in which he is alleged to have induced them to hire him clearly indicates an awareness of wrongdoing. What does not follow from this alleged deceit, however, is an intent to injure the Plaintiffs. While the alleged "deficient and defective work" was of a "broad scope," it does not of necessity mean that the Debtor did this on purpose, such that it was substantially certain to injure the Plaintiffs. See ¶ 72. The allegations regarding how the work was performed suggest misfeasance or incompetence on the Debtor's part, but lacking are allegations of malicious intent to injure—or circumstances which might allow an inference of such a state of mind—such as would support a claim under 523(a)(6). *See In re Isaacson*, 478 B.R. 763, 782 (Bankr.E.D.Va. 2012) (dismissing willful and malicious injury claim against home

5

contractor guilty of nothing more than negligent work). In discovery Plaintiffs may find indicia of malice. If so, leave to amend the complaint could be sought. At present however, Count III fails to state a cognizable claim for willful and malicious injury.

*Summary*

As noted, the Motion as to Count I is moot. Counts II and III fail to state claims for the relief sought, and therefore, will be dismissed.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: March 8, 2017